

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable M. B. Morgan, Chairman
Appropriations Committee
House of Representatives
Forty-ninth Legislature
Austin, Texas

Dear Mr. Morgan:                    Opinion No. O-6605

Re: Construction of H. J. R. No.
11, proposing an amendment to Sec-
tion 24 of Article III of the Con-
stitution fixing $10.00 per day as
compensation to members of the
Legislature for the full term of
office.

Your request for an opinion upon the above subject mat-
ter is as follows:

"Under the terms and provisions of House Joint
Resolution #11, a copy of which is hereto attached,
and assuming that the same is voted by a majority
of the people on August 25, A. D. 1945, and as cer-
tain members of my committee are desirous to make
this appropriation now, I trust you will answer the
following question:

"In your opinion, assuming the Constitu-
tional Amendment in question passes, will the
present members of the Legislature be entitled
to receive their per diem under the same, from
and after August 25, A. D. 1945, regardless of
whether any appropriation is made by this pres-
ent Legislature or not?"

Section 24, as the same is proposed to be amended by
House Joint Resolution No. 11, is as follows:

Honorable M. B. Morgan - page 2

"Members of the Legislature shall receive from the public Treasury a per diem of Ten Dollars ($10) per day during their tenure of office. In addition to the per diem the members of each House shall be entitled to mileage in going to and returning from the seat of government, which mileage shall not exceed Two Dollars and Fifty Cents ($2.50) for each twenty-five (25) miles, the distance to be computed by the nearest and most direct route of travel by land, regardless of railways or water routes; and the Comptroller of the State shall prepare and preserve a table of distances to each county seat, now or hereafter to be established; and by such table the mileage of each member shall be paid; but no member shall be entitled to mileage for any extra session that may be called within one day after the adjournment of any regular or called session."

We beg to advise that in our opinion, in the event the amendment proposed by House Joint Resolution No. 11 is duly voted, and the result thereof regularly declared, it will thereupon become immediately effective as the supreme law of the State, and that from and after such effective date the members of the Legislature will be entitled to receive from the State Treasury a per diem of $10.00 per day during their tenure of office, regardless of whether any appropriation is made by the present Legislature therefor.

Indeed, the present Legislature probably has no power to make an appropriation, (though that is a question we need not to decide) because it is fundamental that no money may be paid from the State Treasury "to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law. * * *" -- Const. Sec. 44, Art. III. Assuming, therefore, that the present Legislature will adjourn prior to the election to be held upon the proposed amendment, it would appear that there could be no pre-existing law to support such presently-made appropriation.

In Fort Worth Cavalry Club v. Sheppard, 83 S. W. (2) 660, the Supreme Court said:

"It is settled as the law of this State that under the provisions of Section 44 of Arti-

cle 3 of our State Constitution, the Legislature
is prohibited from appropriating State money to
any individual on any claim unless at the very
time the appropriation is made there is already
in force some pre-existing valid law constitu-
ting the claim the appropriation is made to pay
a legal and valid obligation against the State."

See:

    National Biscuit Co. v. State, 135 S. W. (2)
      687.

      Nothing we have said shall be construed as indicating
such per diem could in any event be actually paid until there
had been due appropriation by the Legislature. However, whether
an appropriation had been made or not members would be entitled
to receive warrants from the Comptroller for such compensation,
same to be paid after an appropriation therefor had been made.
See:

    Lightfoot v. Lane, 140 S. W. 89.


APPROVED MAY 15, 1945

_Grover Sellers_

ATTORNEY GENERAL OF TEXAS

                                Very truly yours

                                ATTORNEY GENERAL OF TEXAS

                                By          _Ocie Speer_
                                            Ocie Speer
                                            Assistant


OS-MR


APPROVED
OPINION
COMMITTEE
BY _JWB_
CHAIRMAN